**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30226 |
| Plaintiff-Appellee, | D.C. No.<br>6:16-cr-00011-DLC-1 |
| v. | |
| TERRY LYNN STURDEVANT, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted November 7, 2018**
Portland, Oregon

Before:  FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District
Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Terry Lynn Sturdevant appeals his felon in possession of a firearm conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the judgment of the district court.

First, Sturdevant argues that the district court erred in denying his motion to suppress evidence of a firearm and derivative statements because the firearm was found during a warrantless search of the yard outside of his residence. The district court found that exigent circumstances existed to justify the search and we agree.

While the mere presence of a firearm does not create exigent circumstances, *Gooch v. United States*, 6 F.3d 673, 680 (9th Cir. 1993), the situation in this case necessitated the warrantless search. The responding police officers knew there was a firearm, but did not know if it was in a fenced-in yard or in the wider residential neighborhood. The officers did not know the whereabouts of all the residents of the house and one officer, who had had interactions with Sturdevant's family before, believed some of the family members were unstable and might try and grab the firearm. Additionally, the officers could not get a telephonic warrant and obtaining a paper warrant would have potentially left the weapon out in the residential neighborhood for four to six hours. At that point, it would have been six to eight o'clock in the morning, when the daycare center down the block would be starting its day and the neighborhood would be much more heavily trafficked. Given the situation, the missing firearm posed a serious risk of further violence. Accordingly,

2

exigent circumstances justified the warrantless search of the yard and seizure of the firearm.

Second, Sturdevant contends that the district court erred by enhancing his guideline base offense level by four points pursuant to USSG § 2K2.1(b)(6)(B) because the "other felony offense" which triggered the enhancement was a Montana state charge of assault with a weapon, which was later dismissed. Using uncharged conduct to satisfy the elements of USSG § 2K2.1(b)(6)(B) is acceptable under the Sentencing Guidelines. Judges "can increase the defendant's sentence based . . . on uncharged conduct, and even acquitted conduct." *United States v. Fitch*, 659 F.3d 788, 795 (9th Cir. 2011) (internal citations omitted). Here, sufficient evidence existed that the defendant engaged in a felonious assault to warrant the enhancement.

AFFIRMED.